IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWARD B. WILLIAMS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-010-GPM |
| | ) |
| **W.A. SHERROD,** | ) |
| | ) |
| **Respondent.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

In 1994, Petitioner Edward B. Williams was sentenced by the District of Columbia Superior Court to an aggregate term of imprisonment of 52 years and 6 months, with an aggregate minimum term of 14 years and six months, for attempted distribution of cocaine, assault with intent to rape, attempted burglary, and voluntary manslaughter while armed. Petitioner's statutory release date was set for March 7, 2028; his full term was set to expire on June 6, 2045, and his parole eligibility date was set for August 31, 2002. Petitioner was denied parole in 2002, 2005, and 2008. In 2009, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the United States Parole Commission's calculation of his parole guideline range in 2002 and 2008 and the Commission's ultimate decision not to grant him parole in 2008.[1] At the time this action was

---

[1] In August 1998, the United States Parole Commission assumed the task of making parole decisions for prisoners convicted of District of Columbia Code violations. Such determinations are made according to the District of Columbia's parole regulations. *Thompson v. Veach*, 501 F.3d 832, 833 n.1 (7th Cir. 2007). Before that time, the Commission had statutory authority to decide the parole suitability question, using District of Columbia parole laws and regulations, for District of Columbia Code offenders confined in federal prison. *See Johnson v.*

filed, Petitioner was incarcerated at the Federal Correctional Institution at Greenville, Illinois.[2]

## BACKGROUND

An initial parole hearing was held in March 2002; at that time, Petitioner had served 111 months of his sentence. In accordance with Parole Commission guidelines applicable to District of Columbia Code offenders, Petitioner was scored to establish the appropriate guideline range for parole. *See* 28 C.F.R. § 2.80; *see also Thompson v. Veach*, 501 F.3d 832, 834 (7th Cir. 2007) (the Commission's parole decisions for District of Columbia Code offenders are guided by 28 C.F.R. § 2.80, under which the hearing examiner must determine the severity of the prisoner's offense and the prisoner's Salient Factor Score (SFS), which is a predictor of likely success on parole). Pursuant to 28 C.F.R. § 2.80(e)(1), Petitioner was deemed worthy of a 12-month credit for Superior Program Achievement (SPA) for taking 35 educational/vocational courses and eight counseling courses and completing a 40-hour drug program. The Parole Commission calculated Petitioner's guideline range to be 273+ months; denied parole; and set a rehearing for 2005. The narrative portion of the Commission's decision clearly awarded petitioner a 12-month SPA credit, but the calculation portion did not specify the 12-month deduction; the resulting 273+ guideline range did mathematically include a 12-month reduction. (*See* Doc. 7-1, p. 13). The record also shows a handwritten, initialed notation indicating a 12-month deduction. (*Id.*).

---

*Williford*, 821 F.2d 1279 (7th Cir. 1987); *Ashby-Bey v. Meese*, 821 F.2d 1288 (7th Cir. 1987).

[2]As a District of Columbia Code offender, Petitioner was designated to the custody of the Bureau of Prisons (BOP) for protective custody. (*See* Doc. 7-1, p.17); *see generally Cosgrove v. Thornburgh*, 703 F. Supp. 995, 996 (D.D.C. 1988) (noting that District of Columbia Code offenders may be designated to BOP institutions for a number of reasons including, but not limited to, overcrowding of District of Columbia facilities, protective custody, and recommendation of sentencing judges).

In March 2005, after Petitioner had served 148 months, the Parole Commission conducted a rehearing. Petitioner received another 12-month SPA credit, bringing the range down to 261+ months. Petitioner again was denied parole, and a reconsideration hearing was set for March 2008. The narrative portion of the 2005 decision specifically confirms that a 12-month SPA deduction was given in 2002, and the calculation section reflects both the 2002 and 2005 12-month SPA deductions. (*See* Doc. 7-1, pp. 18-19). At that time, a review panel observed that the 2002 12-month credit was omitted from the calculation section, noted that the guideline range was mathematically correct in reflecting the 12-month SPA credit, and decided that there was no need to issue a corrected decision (i.e., Notice of Action). (*Id*. at p. 25).

A third parole hearing was conducted in September 2008; Petitioner had served 189 months (nearly 16 years) of his sentence. The hearing examiner's summary reflects that Petitioner was committed to "programming" and continued to take many educational and vocational classes. The calculations noted that a total of 24 months of SPA credit had been awarded in 2002 and 2005; no additional SPA credit was awarded in 2008. Petitioner's guideline range remained at 261+ months. "Despite the subject's positive programming since his last hearing," parole again was denied based on his guideline range, and another hearing was slated for August 2011. (Doc. 7-1, pp. 22-24). Specifically, the Notice of Action states: "After consideration of all factors and information presented, a decision outside the Current Total Guideline Range at this consideration is not found warranted." (*Id*. at p. 23).

In May 2008, the United States District Court for the District of Columbia issued a decision to provide for parole reassessment to ensure that District of Columbia Code offenders were not subjected to lengthier terms of incarceration than would have been calculated under District of

Columbia parole regulations applicable before 1998. *See Sellmon v. Reilly*, 551 F. Supp. 2d 66 (D.D.C. 2008). In light of *Sellmon*, a fourth parole hearing was conducted on January 12, 2010. In April 2010, the Commission ordered that Petitioner be paroled effective October 6, 2010, after service of 214 months. (Doc. 15-1, p. 1).[3]

## ANALYSIS

In the petition, Petitioner argues that: (1) the 2002 12-month SPA award was not properly subtracted from Petitioner's parole guideline range; (2) Petitioner should have received another 12-month SPA award in 2008; and (3) special mitigating circumstances, including Petitioner's superior program achievement and good behavior, justify parole. Respondent counters that: (1) although it appears that the 12-month SPA award was not awarded due to a clerical error in the 2002 Notice of Action, the prescribed guideline range actually included the award; and (2) the denial of an SPA award was within the Parole Commission's discretionary authority and is not subject to judicial review. In September 2010, Petitioner filed a motion for immediate release.

Under the regulations, the Commission "shall render a decision granting or denying parole, and shall provide the prisoner with a notice of action that includes an explanation of the reasons for the decision." *Thompson*, 501 F.3d at 835, *citing* 28 C.F.R. § 2.74. Judicial review of the Commission's parole decisions is limited to determining whether the decision constitutes an abuse of discretion. *Thompson*, 501 F.3d at 835. "A court of review need only determine whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." *Id.*, *citing Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982) (per curiam); *accord Slader*

---

[3]Because the Notice of Action granting Petitioner parole effective October 6, 2010, indicates that the decision my be subject to reopening and further review by the Commission, the Court finds that this habeas petition is not moot. (*See* Doc. 19-1, p. 1).

*v. Pitzer*, 107 F.3d 1243, 1246 (7th Cir. 1997). The Commission need not state every factor upon which it relied in reaching its decision, and the weight to be accorded mitigating factors is entrusted to the discretion of the Commission. *See generally Slader*, 107 F.3d at 1249 (citing cases); *see also Garcia v. United States Board of Parole*, 557 F.2d 100, 105 (7th Cir. 1977) (upholding denial of parole where Parole Commission relied on its guidelines to deny parole, despite the federal prisoner's SFS and good institutional record, and holding that requiring more detailed findings would require the Commission to issue an opinion supporting its decision rather than a mere statement of reasons for its action).[4]

It is clear that Petitioner was granted a 12-month SPA award in 2002. The calculations reflect such an award, and the handwritten notation on the Notice of Action reflects an attempt to remedy the typographical error. (*See* Doc. 7-1, p. 13). The Commission's subsequent decisions also reflect that Petitioner was granted a 12-month SPA award in 2002 and again in 2005 and that 24 months were deducted from Petitioner's guideline range. (*See* Doc. 7-1, pp. 18-19, 21, and 24). A revised 2002 decision, or Notice of Action, was not issued because the guideline range was mathematically correct. (*Id*. at p. 25). Petitioner simply is mistaken on this point. He has received the benefit of all SPA credits that were awarded.

Having received a 12-month SPA award in 2002 and again in 2005, Petitioner argues that it was error for the Commission to deny him a similar 12-month SPA award in 2008, particularly when the Commission acknowledged that he had continued to "program." The hearing examiner

---

[4]The Court recognizes its reliance on several cases involving Commission parole decisions involving prisoners convicted of violating federal law rather than the District of Columbia Code and is careful not to conflate the regulations that the Commission must follow with respect to District of Columbia Code offenders, i.e., following District of Columbia parole regulations, with the standard of judicial review applicable to Commission decisions.

stated: "Despite the subject's positive programming since his last hearing, it is recommended that parole be denied at this time based on his guideline range." (Doc. 7-1, p. 22). The examiner noted various educational/vocational programs that Petitioner had completed since the last hearing and also noted that he was not enrolled in any counseling programs at that time. The examiner noted the previous SPA awards but found that Petitioner was not entitled to an additional award. The Commission adopted the recommendations and, in denying parole, weighed Petitioner's guideline range more heavily than Petitioner's continued program achievement.

> The applicable regulation provides:
>
> The Commission shall assess whether the prisoner has demonstrated ordinary or superior achievement in the area of prison programs, industries, or work assignments while under confinement for the current offense. Superior program achievement means program achievement that is beyond the level that the prisoner might ordinarily be expected to accomplish. Credit for program achievement may be granted regardless of whether the guidelines for disciplinary infractions have been applied for misconduct during the same period. The guidelines in this section presume that the prisoner will have ordinary program achievement.

28 C.F.R. § 2.8(e)(1). Although an SPA award may have been available in 2008, the decision whether to award SPA credit is entirely within the discretion of the Parole Commission; it is not mandatory, even if demonstrated. The Commission did not abuse its discretion in declining to issue additional SPA credit.

Insofar as the Commission gave greater weight to Petitioner's guideline range, "the magnitude of an inmate's individual crime may be considered the 'good cause' for which the Commission may deny parole notwithstanding the guidelines." *Solomon*, 676 F.2d at 287; *accord Slader*, 107 F.3d at 1249. In this case, the Commission followed the guidelines, finding that "[a]fter consideration of all factors and information presented," a decision outside of the guideline range was not warranted. (Doc. 7-1, p. 23). Petitioner challenges the decision to deny parole and continue the

determination for rehearing in 2011 in light of his accomplishments in prison, long period without discipline, and other positive factors. But the Seventh Circuit Court of Appeals specifically rejected a "sufficiency of the evidence" standard of review that would require weighing the "positives," as urged by Petitioner. *See Solomon*, 676 F.2d at 289-291. As long as the Commission considers any factors favorable to the offender, its parole decision will not be disturbed so long as there exists a rational basis in the record to support the Commission's conclusion. The Commission can hardly be faulted for relying on the applicable guideline range because, based on its consideration of the underlying offenses after considering Petitioner's positive programming efforts, it found that a departure was not warranted.

Petitioner's request for habeas relief is denied in all respects. Specifically, the Parole Commission properly calculated the two 12-month SPA awards, and it did not abuse its discretion by declining to award additional SPA credit and denying parole in 2008. Petitioner was paroled in October 2010. Consequently, his motion for immediate release (Doc. 18) is **DENIED as moot**.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus (Doc. 1) is **DENIED**, and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 12/14/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge